IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WELLBERG ENERGY SERVICES NIGERIA LIMITED,<br><br>                Plaintiff,<br>    v.<br><br>LETZRING INC., *et al.*,<br><br>                Defendants. | Case No. 3:25-cv-00138-SLG |

## ORDER ON DEFENDANT KEGOZ OIL SYSTEMS LLC'S MOTION TO DISMISS

Before the Court at Docket 29 is Defendant Kegoz Oil Systems, LLC's ("Kegoz LLC") Motion to Dismiss for Lack of Jurisdiction. Plaintiff Wellberg Energy Services Nigeria Limited ("Wellberg") responded in opposition at Docket 30, to which Kegoz LLC replied at Docket 38. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This case involves a dispute over the sale of an oil rig.[1] The facts, as alleged in the Complaint, are as follows: On June 28, 2019, Wellberg entered into a purchase agreement with Defendants Letzring Inc. and Matthew G. Letzring (collectively, "Letzring") to buy an Oilwell E 2000 Hp Oil Rig.[2] In accordance with

---

[1] Docket 1 at ¶¶ 1-5.

[2] Docket 1 at ¶¶ 1, 14.

their agreement, on July 3, 2019, Wellberg deposited $1.2 million in Letzring's Wells Fargo checking account, which is located at the bank's Soldotna, Alaska branch.[3] On December 28, 2022, Letzring sold the oil rig to new buyers, Defendants Kegoz LLC, Kegoz Oil Systems Limited ("Kegoz Limited"), and Ifeanyi Roy-Omeni, but kept Wellbeg's $1.2 million deposit.[4] The Complaint alleges on information and belief that Kegoz LLC is a Texas-based limited liability company with its principal place of business in Houston, Texas, while Kegoz Limited is a Nigerian company with its principal place of business in Nigeria.[5] The Complaint also alleges on information and belief that Mr. Roy-Omeni is a Nigerian national and owns both Kegoz LLC and Kegoz Limited.[6] All three Defendants allegedly knew about the preexisting purchase agreement between Wellberg and Letzring, and "they intentionally entered into a new contract with [Defendants] to purchase the oil rig at a higher price."[7] On June 10, 2025, Wellberg wrote Letzring requesting a return of the $1.2 million deposit, but Letzring did not return the deposit, resulting in this lawsuit.[8]

Wellberg seeks a declaratory judgment that Letzring unlawfully cancelled

---

[3] Docket 1 at ¶ 2.

[4] Docket 1 at ¶ 3.

[5] Docket 1 at ¶¶ 9,10.

[6] Docket 1 at ¶ 11.

[7] Docket 1 at ¶ 4.

[8] Docket 1 at ¶¶ 3, 24, 25.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring Inc., et al.*
Order on Kegoz LLC's Motion to Dismiss
Page 2 of 8

Case 3:25-cv-00138-SLG   Document 50   Filed 11/17/25   Page 2 of 8

the purchase agreement and sold the oil rig to new buyers, that Wellberg is entitled to recover its $1.2 million deposit with interest, and that Kegoz LLC, Kegoz Limited, and Mr. Roy-Omeni tortiously interfered with the purchase agreement between Wellberg and Letzring.[9] Wellberg also brings claims for unjust enrichment and breach of the covenant of good faith and fair dealing.[10]

Kegoz LLC now moves to dismiss all claims against it for lack of personal jurisdiction.[11] With its motion, Kegoz LLC filed documentation from the State of Texas showing the Kegoz OilSystems LLC was formed in Texas on February 3, 2023, and that its managers include Mr. Roy-Omeni.[12] Kegoz LLC also filed the Declaration of Ifeanyi Roy-Omeni, who declared that he is one of the managers of Kegoz LLC, that "Kegoz LLC did not negotiate, execute, guarantee, or perform any obligations under" any of the contracts referenced in Plaintiff's Complaint, and that "Kegoz LLC has never engaged in conduct purposefully directed toward Alaska in connection with the subject matter of this lawsuit."[13] Mr. Roy-Omeni signed the declaration as "Owner and Manager" of Kegoz Oil Systems, LLC.

With its opposition to the motion, Plaintiff filed a "Proforma Invoice" from

---

[9] Docket 1 at ¶¶ 30-35.

[10] Docket 1 at ¶¶ 36-42. Wellberg has recently filed a motion to amend its Complaint that is not yet ripe. Docket 49. For purposes of the instant motion, the Court considers only the initial Complaint.

[11] Docket 29 at 1-2.

[12] Dockets 29-1, 29-2, 29-3.

[13] Docket 29-4 at 2-3.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring Inc., et al.*
Order on Kegoz LLC's Motion to Dismiss
Page 3 of 8
Case 3:25-cv-00138-SLG   Document 50   Filed 11/17/25   Page 3 of 8

Letzring addressed to Kegoz Oil Systems at a Nigerian address that appears to be signed by Mr. Roy-Omeni for Kegoz Oil Systems Ltd[14].

## LEGAL STANDARD

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."[15] If the motion is evaluated on written materials rather than after an evidentiary hearing,[16] "the plaintiff need only make a prima facie showing of personal jurisdiction to avoid the defendant's motion to dismiss."[17] "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true."[18]

Unless an applicable federal statute provides otherwise, personal jurisdiction is governed by the law of the state in which a district court sits.[19] Alaska's long-arm statute, Alaska Statute § 09.05.015, "authorizes Alaska's courts 'to assert jurisdiction to the maximum extent permitted by due process.'"[20] Due

---

[14] Docket 30-1.

[15] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[16] Neither party requested an evidentiary hearing on this motion.

[17] *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2002).

[18] *Schwarzenegger,* 374 F.3d at 800 (citations omitted) (quoting *Amba Mktg. Sys., Inc., v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

[19] *Id.* (citations omitted).

[20] *Harper v. BioLife Energy Sys., Inc.*, 426 P.3d 1067, 1071 (Alaska 2018) (citations omitted).

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring Inc., et al.*
Order on Kegoz LLC's Motion to Dismiss
Page 4 of 8

Case 3:25-cv-00138-SLG   Document 50   Filed 11/17/25   Page 4 of 8

process, in turn, permits a court to exercise personal jurisdiction over nonresident defendants as long as the defendant "ha[s] at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"[21]

## DISCUSSION

"There are two categories of personal jurisdiction: (1) general jurisdiction and (2) specific jurisdiction."[22] Here, Wellberg alleges that this Court has specific personal jurisdiction over Kegoz LLC for this particular controversy.[23] For a court to have specific personal jurisdiction over a defendant, "the *suit* must aris[e] out of or relat[e] to the defendant's contacts with the *forum*."[24] The Ninth Circuit has articulated a three-pronged test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and

---

[21] *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[22] *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (citation omitted).

[23] *See* Docket 30.

[24] *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (emphasis and alterations in original) (citations and internal quotation marks omitted).

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring Inc., et al.*
Order on Kegoz LLC's Motion to Dismiss
Page 5 of 8
Case 3:25-cv-00138-SLG   Document 50   Filed 11/17/25   Page 5 of 8

substantial justice, i.e. it must be reasonable.[25]

Kegoz LLC contends that the Court lacks personal jurisdiction over it because it "was not a party to the transaction between Plaintiff and Defendant Letzring" and Wellberg cannot show that any contacts that Kegoz Limited or Mr. Roy-Omeni have with Alaska should be imputed to Kegoz LLC.[26]

Wellberg responds that Kegoz LLC is the United States branch of Kegoz Limited, which are both owned and managed by Mr. Roy-Omeni, and that Mr. Roy-Omeni purposefully directed his activity at Alaska when he signed the "Proforma Invoice" between Kegoz Limited and Mr. Letzring regarding the sale of the oil rig.[27] The Proforma Invoice is addressed to "Dr. Roy" at "Kegoz Oil Systems" with a Nigerian address from Letzring Inc. with an address in Kasilof, Alaska.[28] The invoice is signed "Roy-Omeni . . for: Kegoz Oil Systems LTD."[29] Wellberg maintains that by signing the invoice, Kegoz LLC, in addition to Kegoz Limited and Mr. Roy-Omeni, interfered with Wellberg's "Alaska contract to purchase the oil

---

[25] *Schwarzenegger*, 374 F.3d at 802 (citation omitted).

[26] Docket 29 at 2, 6-8.

[27] Docket 30 at 3-4; *see* Docket 30-1.

[28] Docket 30-1.

[29] Docket 30-1.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring Inc., et al.*
Order on Kegoz LLC's Motion to Dismiss
Page 6 of 8
Case 3:25-cv-00138-SLG   Document 50   Filed 11/17/25   Page 6 of 8

rig."[30] Wellberg also points out that Mr. Roy-Omeni's declaration is signed in his capacity as "Owner and Manager" of Kegoz LLC.[31]

The Court finds that the uncontroverted portions of Wellberg's Complaint adequately plead that Kegoz LLC may have liability for the transactions involving this oil rig. Here, Mr. Roy-Omeni's declaration does not directly controvert the Complaint's allegation that Mr. Roy-Omeni is "the owner of Kegoz Oil Systems, LLC, along with its Nigerian affiliate, Kegoz Oil Systems Limited."[32] Nor does Mr. Roy-Omeni's declaration directly controvert the Complaint's assertion that Kegoz LLC, along with Kegoz Limited and Mr. Roy-Omeni, "deliberately interfered with a valid contractual relationship" between Wellberg and Letzring.[33] And while Kegoz LLC's motion contains numerous representations about the lack of unity and ownership between Kegoz LLC and Kegoz Limited, none of these assertions are included in Mr. Roy-Omeni's sworn declaration.[34] In short, Wellberg is entitled to jurisdictional discovery because the record is "not sufficiently developed to enable [the Court] to determine whether the alter ego or agency tests are met."[35] Accepting as true the allegations in the Complaint, Kegoz LLC is closely

---

[30] Docket 30 at 3.

[31] Docket 30 at 4; Docket 29-4 at 3.

[32] Docket 1 at ¶ 11.

[33] Docket 1 at ¶ 27.

[34] Docket 29 at 7-8, Docket 29-4.

[35] *Harris Rutsky & Co. Ins. Servs.*, 328 F.3d at 1135.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring Inc., et al.*
Order on Kegoz LLC's Motion to Dismiss
Page 7 of 8

Case 3:25-cv-00138-SLG     Document 50     Filed 11/17/25     Page 7 of 8

interrelated with Kegoz Limited, and while Kegoz LLC's role with regard to the particular oil rig at issue in this case is not entirely clear, dismissal of Kegoz LLC at this stage of the litigation without jurisdictional discovery is unwarranted.

Further, the Court finds that this Court's exercise of personal jurisdiction over Kegoz LLC at this stage of the litigation is reasonable, particularly as Kegoz LLC is represented by the same attorney as Kegoz Limited and Mr. Roy-Omeni.

In light of the foregoing, Defendant Kegoz Oil Systems, LLC's Motion to Dismiss for Lack of Jurisdiction at Docket 29 is DENIED.

DATED this 17th day of November, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring Inc., et al.*
Order on Kegoz LLC's Motion to Dismiss
Page 8 of 8
Case 3:25-cv-00138-SLG   Document 50   Filed 11/17/25   Page 8 of 8