| | |
|---|---|
| WELLBERG ENERGY SERVICES NIGERIA LIMITED,<br><br>    Plaintiff,<br>  v.<br><br>LETZRING, INC., *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-00138-SLG |

## <u>ORDER ON ALL PENDING MOTIONS</u>

Before the Court at Docket 47 is Defendants Letzring, Inc. and Matthew G. Letzring's (collectively, "Letzring" or "Letzring Defendants") Motion for Summary Judgment.[1]  Plaintiff Wellberg Energy Services Nigeria Limited ("Wellberg") responded in opposition at Docket 56, to which Letzring replied at Docket 67.

At Docket 70, Wellberg filed a Notice of Supplemental Evidence regarding Letzring's Motion for Summary Judgment.  Letzring responded with a Motion to Strike at Docket 71, which is also before the Court.  Wellberg responded to Letzring's Motion to Strike at Docket 72, to which Letzring replied at Docket 73.

Also before the Court at Docket 76 is Wellberg's Motion for Leave to Supplement the Summary Judgment Record with excerpts from the deposition of Matthew Letzring.  Letzring responded in opposition at Docket 78, to which

---

[1] *See also* Docket 48 (Mem. Supp. Mot. Summ. J.).

Wellberg replied at Docket 79.

Oral argument was not requested on any of the pending motions and was not necessary to the Court's determination.

## BACKGROUND

This case involves a dispute over the sale of an oil rig.[2]  The facts relevant to Letzring's Motion for Summary Judgment, as construed in the light most favorable to Wellberg for purposes of this order, are as follows: In November 2018, Letzring purchased an oil rig and arranged for its storage in Odessa, Texas.[3]  In June 2019, Letzring and Wellberg began negotiating terms for Wellberg to purchase the oil rig from Letzring for a total price of $2.3 million.[4]   Sometime in 2019, Wellberg tendered a partial payment of $1.2 million to Letzring's bank account as part of the purchase price.[5]   The record does not contain any

---

[2] Docket 55 at ¶¶ 1-5 (Am. Compl.).

[3] Docket 48-1 at ¶¶ 3 & 9 (Letzring Aff.).

[4] Docket 48-1 at ¶ 12 (Letzring Aff.); Docket 56-1 at ¶ 6 (Akpuhi Aff.).  Stella Akpuhi's affidavit states that the parties began negotiations in June 2018, but the Amended Complaint suggests that the negotiations began in June 2019, as the Amended Complaint alleges that Wellberg made the $1.2 million deposit at issue to Letzring in July 2019.  Docket 55 at ¶ 4 (Am. Compl.).

[5] It is undisputed that the $1.2 million deposit was paid by Wellberg in 2019, but the exact date is disputed.  *See* Docket 56 at 2 ("On or about June 28, 2019, the Plaintiff paid the Defendant a deposit of $1,200,000.00 as part of negotiations for the purchase of an oil rig valued at $2.3 million."); Docket 55 at ¶ 4 (Am. Compl.) (alleging that "the Plaintiff transferred $1.2M on or around July 3, 2019, to the seller's Wells Fargo checking account"). *But see* Docket 48-1 at ¶ 18 (Letzring Aff.) ("On October 4, 2019, Wellberg substantially performed its obligations under the agreement by causing $1,200,000.00 to be deposited in Letzring Inc.'s bank account."); Docket 48-3 at 1 (email from Matthew Letzring dated September 16, 2019, stating that "Letzring Inc. has neither received a deposit or wire only good faith and intent").

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 2 of 15

Case 3:25-cv-00138-SLG    Document 81    Filed 07/13/26    Page 2 of 15

undisputed written agreement signed by Wellberg to purchase the oil rig.[6] Wellberg maintains that it "never signed or executed any document containing a forfeiture or liquidated damages provision."[7]  It is undisputed that Wellberg never made any additional payment to purchase the oil rig apart from the $1.2 million deposit.

On January 7, 2020, Mr. Letzring sent an email directly to Wellberg's Chief Executive Officer at that time, Godwin Akpuhi, stating that the price of the oil rig had increased because of expenses Letzring had incurred due to Wellberg's delay in paying the balance of the purchase price and requesting full payment by Wellberg by January 10, 2020.[8]  The email also stated that if Letzring did not receive "additional funds" from Wellberg toward the purchase of the oil rig, Letzring would put the oil rig "back on the market" after January 10, 2020.[9]  Wellberg does not dispute the authenticity of the email nor that it received it.

Having not received full payment, on June 3, 2020, Mr. Letzring informed Mr. Akpuhi through a text message that Letzring would provide Wellberg with a default letter terminating the transaction: "You have been very quiet[.]  I must assume the bank has denied your request[.]  I am guessing you figure silence is

---

[6] Docket 56 at 3, 5; *see also* Docket 56-3; Docket 56-4; Docket 55 at ¶ 10 (Am. Compl.) (alleging that "Plaintiff did not sign any written agreement or contract concerning the sale of the oil rig").

[7] Docket 56-1 at ¶ 20 (Akpuhi Aff.).

[8] Docket 48-8.

[9] Docket 48-8.

better than perpetual lies[.]  I will email you the default letter . . I am sorry for your difficulties[.]"[10]  There is no default letter in the record or any record of any additional communications between Wellberg and Letzring at any time from June 3, 2020 until June 2025.  Wellberg does not dispute the authenticity of the June 3, 2020 text message nor that it received it.  Wellberg contends that it "first learned that Defendant considered the transaction canceled only after Defendant stopped communicating with Plaintiff and after discovering in June 2025 that Defendant had been soliciting new buyers since late 2019" and eventually sold the rig to Defendants Kegoz LLC, Kegoz Oil Systems Limited, and Ifeanyi Roy-Omeni (collectively, "Kegoz").[11]  Wellberg maintains that "[b]ecause Defendant failed to provide notice of cancellation, the accrual was tolled until Plaintiff learned of Defendant's resale to Kegoz or refusal to refund the deposit."[12]

In Stella Akpuhi's affidavit, filed with Wellberg's opposition, she avers that "[t]he transaction and related communications were documented through various direct emails, phone calls, and text messages between the Plaintiff . . . and the Defendant," and that she had reviewed them in preparing her affidavit.[13]  But no such documentation is included with Ms. Akpuhi's affidavit or Wellberg's opposition.  And while there is some evidence to suggest that Letzring extended

---

[10] Docket 48-1 at ¶ 24 (Letzring Aff.); Docket 48-9.

[11] Docket 56-1 at ¶¶ 13, 16 (Akpuhi Aff.).

[12] Docket 56-1 at ¶ 57 (Akpuhi Aff.).

[13] Docket 56-1 at ¶¶ 4, 9 (Akpuhi Aff.).

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 4 of 15

Case 3:25-cv-00138-SLG    Document 81    Filed 07/13/26    Page 4 of 15

Wellberg's payment deadline for the remainder of the purchase price in late 2019 and early 2020,[14] this evidence is immaterial to the question of whether Wellberg knew by no later than June 3, 2020 that Letzring was terminating the oil rig sale to Wellberg and did not return the $1.2 million deposit at that time. Wellberg has not provided any evidence that it requested the return of that deposit at any time prior to June 2025.

On June 30, 2025, Wellberg initiated this lawsuit seeking to recoup the $1.2 million deposit that it had paid Letzring in 2019.[15] Wellberg seeks a declaration from the Court that there is no enforceable contract between Wellberg and Letzring and thus no "legal basis [for Letzring] to retain the deposit paid by [Wellberg]"[16] such that the deposit must be refunded.[17] Wellberg also asserts a claim against Letzring seeking the return of the deposit under an unjust enrichment theory.[18] The Letzring Defendants now move for summary judgment, contending that Wellberg's unjust enrichment claim against them is time-barred.[19]

---

[14] *See e.g.*, Docket 76-2 at 3-4.

[15] Docket 1 (Compl.).

[16] Docket 55 at ¶ 28 (Am. Compl.). Wellberg also asserts a claim against Kegoz for tortious interference with a business transaction; that claim is not presently before the Court for summary judgment. Docket 55 at ¶¶ 38-44 (Am. Compl.).

[17] Letzring is not presently asserting that it is entitled to summary judgment under a breach of contract theory. Docket 67 at 3 n.1 ("Because of the Amended Complaint's new claim of 'Unenforceability under the Statute of Frauds (Alaska Stat. § 45.02.201),['] Letzring withdraws the contract argument from its motion for summary judgment.").

[18] Docket 55 at ¶¶ 31-37 (Am. Compl.).

[19] Docket 48 at 9-10.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 5 of 15

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[20]

If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[21] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable [trier of fact] could return a verdict for the non-moving party."[22] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[23]

**DISCUSSION**

I.     Letzring's Motion to Strike

At Docket 71, Letzring moves to strike Wellberg's Notice of Supplemental Evidence. That motion is **DENIED**. However, the Court has reviewed the

---

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[21] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[22] *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

[23] *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

supplemental evidence filed by Wellberg and finds that none of it is relevant to Letzring's Motion for Summary Judgment. Wellberg's supplemental evidence pertains to Letzring's dealings beginning in late 2022 with Kegoz[24] and does not bear on the statute of limitations issue before the Court.

II.      Wellberg's Motion to Supplement

At Docket 76, Wellberg moves to supplement the record with portions of Mr. Letzring's deposition transcript. Pursuant to District of Alaska Local Civil Rule 7.1(d)(2),

> after briefing of a motion is complete, supplementation of factual materials may occur only by motion for good cause. The motion must have the proposed factual materials attached as an exhibit and address the reasons earlier filing was not possible or their relevance was not appreciated. Such motions will not routinely be granted.

Mr. Letzring was deposed in April 2026 such that earlier filing of the deposition excerpts was not possible.[25] As such, Wellberg's Motion to Supplement at Docket 76 is **GRANTED**.

However, the Court has reviewed the deposition excerpts and finds that they do not contain any evidence relevant to Letzring's Motion for Summary Judgment. While Mr. Letzring testified that Letzring provided Wellberg with additional time to make a final payment in late 2019 and early 2020,[26] nothing in Mr. Letzring's

---

[24] Docket 70-1; Docket 70-2; Docket 70-3; Docket 70-4.

[25] Docket 76-4 at 1.

[26] Docket 76-1; Docket 76-2; Docket 76-3.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 7 of 15

testimony contradicts the undisputed fact that on June 3, 2020, Letzring notified Wellberg that it was terminating the transaction or demonstrates that at any time after that point Letzring changed its position.

III.    Letzring's Motion for Summary Judgment

As an initial matter, Wellberg maintains that Letzring's Motion for Summary Judgment is moot because the motion "targets claims and allegations in the Plaintiff's complaint that no longer exist," as "the First Amended Complaint is the sole operative pleading," such that a ruling on the motion "would require an advisory opinion on a superseded complaint."[27] The Court disagrees. As Letzring correctly points out, "the changes to the complaint are irrelevant to the Letzring Defendants' statute of limitations defense," as the Amended Complaint still claims that the Letzring Defendants must return the $1.2 million deposit that Wellberg paid Letzring in 2019 under an unjust enrichment theory.[28]

The Letzring Defendants contend that they are entitled to summary judgment on Wellberg's unjust enrichment claim because Wellberg's claim against them seeking return of the $1.2 million deposit is time-barred.[29] The Alaska Supreme Court has held that a claim for unjust enrichment has a three-year statute of limitations.[30]

---

[27] Docket 56 at 4.

[28] Docket 67 at 2.

[29] Docket 48 at 9.

[30] *Domke v. Alyeska Pipeline Serv. Co.*, 137 P.3d 295, 302 n.18 (Alaska 2006) ("[U]njust

Letzring maintains that the latest date on which Wellberg's cause of action for unjust enrichment could have accrued was June 3, 2020, the date on which Letzring texted to Mr. Akpuhi that Letzring would send Wellberg a default letter terminating the oil rig purchase transaction.[31]  Therefore, because Wellberg did not commence this action until over five years later—on June 30, 2025—Wellberg's claim is time-barred.

Wellberg responds that summary judgment is improper because when its claim accrued "turns on disputed facts."[32]   These disputed facts, Wellberg suggests, can be found in paragraphs 54 through 57 of Ms. Akpuhi's affidavit.[33] Those paragraphs state as follows:

> 54. The Defendant relies on unsigned and conflicting writings that the Plaintiff never executed.
>
> 55. Because those writings were not signed by the Plaintiff, they do not meet the Statute of Frauds requirements and are unenforceable.
>
> 56. Defendant's statute-of-limitations defense is incorrect.
>
> 57. Because Defendant failed to provide notice of cancellation, the accrual was tolled until Plaintiff learned of Defendant's resale to

---

enrichment is essentially a contract claim, so it would be subject to the three-year limit established in AS 09.10.053 for actions 'upon a contract or liability, express or implied.'").

[31] Docket 48 at 10.

[32] Docket 56 at 11.  Wellberg's opposition also addresses other issues, including the merits of its claim for unjust enrichment against Letzring and its claim against other Defendants not at issue here.  *See* Docket 56 at 4, 6, 8-10.  The Court declines to address these arguments, as they are outside the scope of Letzring's motion, which seeks summary judgment solely based on the statute of limitations.

[33] Docket 56 at 11 (citing Docket 56-1).

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 9 of 15

Kegoz or refusal to refund the deposit.[34]

These are not disputes of material fact. First, Letzring's statute of limitations defense does not hinge on whether there was a valid written contract between the parties. Even if there was no valid contract between Wellberg and the Letzring Defendants, Wellberg's claim for the return of the $1.2 million deposit is based on a quasi-contract theory of recovery to which the three-year limitation in Alaska Stat. § 09.10.053 applies.[35] And Ms. Akpuhi's statement that "Defendant's statute-of-limitations defense is incorrect" is not a factual allegation, but a conclusion of law.

Further, while Ms. Akuphi avers that Wellberg's cause of action did not accrue until Wellberg learned of Letzring's resale of the oil rig to another buyer,[36] she does not provide any rationale for why the claim did not accrue by June 3, 2020. Nor does Wellberg present any evidence to dispute Letzring's exhibit showing that, on June 3, 2020, Letzring informed Mr. Akpuhi, Wellberg's CEO, that it would be sending a default letter terminating the transaction.[37] Nor does Wellberg provide any documentation indicating that after that date, Letzring had reconsidered its position and was resurrecting the sale of the rig to Wellberg.

Wellberg further contends that a claim for unjust enrichment does not accrue

---

[34] Docket 56-1 at ¶¶ 54-57 (Akpuhi Aff.).

[35] *See Estate of Waters v. Hoadley*, 474 P.2d 85, 86-87 (Alaska 1970) (holding that a claim for unjust enrichment based on a nullified contract "is a species of implied contract" and applying the statute of limitations for contract actions under a since-repealed Alaska statute).

[36] Docket 56-1 at ¶ 57 (Akpuhi Aff.).

[37] Docket 48-1 at ¶ 24 (Letzring Aff.); Docket 48-9.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 10 of 15

Case 3:25-cv-00138-SLG     Document 81     Filed 07/13/26     Page 10 of 15

until "retention of the benefit becomes unjust," which Wellberg asserts was not until June 2025 "when Plaintiff, through Counsel, requested the refund from the Defendant, not when the money exchanged hands."[38]  Wellberg cites to *John's Heating Service v. Lamb,* 46 P.3d 1024, 1031-32 (Alaska 2002), for the proposition that a claim accrues when a plaintiff "reasonably should have known of wrongful conduct."[39]  But Wellberg provides no explanation as to why Wellberg should not have reasonably known by June 3, 2020 that Letzring would not be returning the deposit.  Rather, Ms. Akpuhi's affidavit consists only of "mere allegations and denials" that are insufficient to meet the non-moving party's burden to demonstrate that there are specific facts showing that there is a genuine issue for trial.[40]

Under Alaska law, to prevail in a claim for unjust enrichment, a plaintiff must show: "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof."[41]

Here, there was a benefit conferred upon Letzring by Wellberg in 2019—when Letzring accepted the $1.2 million deposit from Wellberg. And for purposes of this motion, the Court will assume that Letzring's retention of that deposit when

---

[38] Docket 56 at 11.

[39] Docket 56 at 11-12.

[40] *Anderson*, 477 U.S. at 248.

[41] *Ware v. Ware*, 161 P.3d 1188, 1197 (Alaska 2007).

Wellberg failed to tender the balance of the purchase price would be inequitable. However, Wellberg should have reasonably known by no later than June 3, 2020 that Letzring intended to retain the $1.2 million deposit.[42]   Wellberg attempts to avoid this conclusion by asserting that it "first learned that Defendant considered the transaction canceled only after Defendant stopped communicating with Plaintiff and after discovering in June 2025 that Defendant had been soliciting new buyers since late 2019."[43]   But it is undisputed that in a January 2020 email, Letzring notified Mr. Akpuhi that if Wellberg failed to a further payment by January 10, 2020, then Letzring intended to put the oil rig back on the market.[44]   And there is no dispute that Wellberg did not make any additional payments to Letzring apart from the $1.2 million deposit.   Apart from Ms. Akpuhi's conclusory assertions that Wellberg did not get notice that Letzring had cancelled the purchase, Wellberg does not dispute that the emails and text were sent to Mr. Akpuhi; further, Wellberg fails to present any contrary evidence or provide any evidence that Wellberg requested the return of its deposit at any time prior to June 2025.

Wellberg also asserts in its Motion to Supplement that the excerpts from Matthew Letzring's depositions "directly bear[] on [the] assertion that Plaintiff's claims" "accrued no later than June 3, 2020," and that "the deposition testimony

---

[42] Docket 48 at 10; Docket 48-1 at ¶ 24 (Letzring Aff.); Docket 48-9.

[43] Docket 56-1 at ¶ 13 (Akpuhi Aff.).

[44] Docket 48-8.

includes evidence regarding the parties' understanding of whether the transaction remained unresolved after June 2020."[45]  However, Wellberg provides no cites to the deposition transcript to support this assertion and, upon a review of the deposition excerpts, the Court finds no evidence supporting Wellberg's claim that there were any discussions whatsoever between Wellberg and Letzring after June 3, 2020.[46]  Therefore, Wellberg's argument that Letzring's retention of the deposit did not become unjust until June 2025 when Wellberg first requested the refund is without merit.[47]

Lastly, Wellberg maintains that there is a dispute of material fact as to when Wellberg's claim accrued under the discovery rule.[48]  Alaska's discovery rule provides

(1) a cause of action accrues when a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action;

(2) a person reasonably should know of his cause of action when he has sufficient information to prompt an inquiry into the cause of action, if all of the essential elements of the cause of action may reasonably be discovered within the statutory period at a point

---

[45] Docket 76 at 3-4.

[46] *See* Docket 76-1 at 2, 5 (testifying that "[a]fter that [$1.2 million] deposit was given, [Wellberg] had 30 days to pay the balance in full. . . . [W]e gave them [a] grace period beyond the 30 days, but definitely not seven years."); Docket 76-2 at 1-2 (testifying that a November 18, 2019 email demanded final payment from Wellberg by November 22, 2019); Docket 76-2 at 4-5 (testifying that there was an unsigned agreement providing Wellberg until December 13, 2019 to make final payment to Letzring).

[47] Wellberg's allegation that Letzring withheld facts regarding resale to Kegoz in 2022 are not relevant to this motion, as Wellberg's cause of action accrued no later than June 3, 2020.  Docket 56 at 12.

[48] Docket 56 at 10-11.

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 13 of 15

when a reasonable time remains within which to file suit.[49]

Whether the discovery rule applies to a claim for unjust enrichment under Alaska law is an open question.[50]  Even if the rule were applied, here, Wellberg reasonably should have known by June 2020 that a claim for unjust enrichment had accrued.  By that date Wellberg had sufficient information—that Letzring was putting the oil rig back on the market in January 2020 and that Letzring informed Wellberg that it was assuming no further funds would be forthcoming from Wellberg while Letzring retained the deposit—to prompt an inquiry into a cause of action for the return of the deposit.  As such, pursuant to the discovery rule, Wellberg's claim accrued no later than June 3, 2020.

In sum, Wellberg has failed to demonstrate "specific facts showing that there is a genuine issue for trial"[51] regarding Letzring's statute of limitations affirmative defense and has not presented evidence on which "a reasonable [trier of fact]

---

[49] *Cameron v. State*, 822 P.2d 1362, 1366 (Alaska 1991).

[50] Letzring contends that "[i]t is unclear whether the 'discovery rule' applies to claims for unjust enrichment in Alaska, as that rule is usually applied to tort claims and not claims arising in contract or quasi-contract."  Docket 67 at 6.  But that is not quite accurate.  The Alaska Supreme Court has held that the discovery rule applies to some contract actions.  *See Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 507-13 & n.3 (Alaska 2015) (applying the discovery rule to the plaintiff's contract claim alleging that the defendant had not provided good and valuable consideration and breached the duty of good faith and fair dealing); *Bauman v. Day*, 892 P.2d 817, 828 (Alaska 1995) (holding that "in the absence of a statute directing a contrary rule, the discovery rule is applicable to common law contract causes of action").  *But see Ranes & Shine*, 355 P.3d at 508 n.13 (noting that the discovery rule does not apply to contracts for the sale of goods under AS 45.02.725).  However, the Court is unaware of any ruling by the Alaska Supreme Court holding that the discovery rule applies to claims brought under an unjust enrichment theory.

[51] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e) (1986)).

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 14 of 15

could return a verdict for [Wellberg]" on that issue.[52]  The Court finds that Wellberg's claim against Letzring seeking the return of its $1.2 million deposit was filed more than three years after the claim accrued, and it is therefore time-barred. As such, Letzring's Motion for Summary Judgment at Docket 47 is **GRANTED**.

## CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED:

- Letzring Defendants' Motion to Strike at Docket 71 is **DENIED**;

- Wellberg's Motion to Supplement at Docket 76 is **GRANTED**;

- Letzring Defendants' Motion for Summary Judgment at Docket 47 is **GRANTED**; and

- Wellberg's Motion for Leave to File Final Witness List at Docket 80 is **DENIED without prejudice** to refiling a Final Witness List **within 7 days of the date of this order** in light of the dismissal of Letzring Defendants from this case.

The Clerk is directed to dismiss Defendants Letzring, Inc. and Matthew G. Letzring from this case with prejudice.

DATED this 13th day of July, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[52] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 288).

Case No. 3:25-cv-00138-SLG, *Wellberg Energy Services Nigeria Ltd. v. Letzring, Inc., et al.*
Order on All Pending Motions
Page 15 of 15

Case 3:25-cv-00138-SLG   Document 81   Filed 07/13/26   Page 15 of 15